J-S14038-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER PATRICK O'CONNOR | : | |
| | : | |
| Appellant | : | No. 1119 MDA 2023 |

Appeal from the Judgment of Sentence Entered May 5, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0002387-2022

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:         **FILED: JUNE 10, 2024**

Christopher Patrick O'Connor (Appellant) appeals from the judgment of sentence entered following his open guilty plea to 50 counts each of possession of child pornography and dissemination of child pornography.[1] Additionally, Appellant's counsel (Counsel) has filed an application to withdraw and accompanying brief in accordance with ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We grant Counsel's application to withdraw and affirm the judgment of sentence.

During Appellant's guilty plea hearing, the Commonwealth offered the following factual summary:

---

[1] 18 Pa.C.S.A. § 6312(c), (d).

On or about March 29[], 2022, Detective [Charles] Balogh,[2] a member of the Internet Crimes Against Children Task Force[,] received a cyber tip from the National Center for Missing and Exploited Children, which is generated by Google.

According to the Google records … [Appellant] … had up loaded [*sic*] 65 images of suspected child sex abuse material.

In reviewing the cyber tip, Detective Balogh was able to determine that a number of the images depicted prepubescent [] girls and boys engaged in sexual acts. The images were uploaded on February 12[], 2022.

A search warrant was executed at 605 Barrys Lane, White Haven, Luzerne County, where [Appellant] was staying. A search of [Appellant's] electronics that were seized showed images of child sex abuse material. They were located and some of those images matched the aforementioned cyber tips.

In speaking with [] Detective [Balogh], [Appellant] admitted to using RandoChat, an application on his phone where he would chat with other individuals and exchange images of child sex abuse material.

N.T., 12/12/22, at 4-5 (footnote added).

On December 12, 2022, Appellant entered an open guilty plea to 50 counts each of the above-stated offenses. In exchange, the Commonwealth withdrew four charges of criminal use of a communication facility. Appellant also agreed that he would be subject to 25 years of sexual offender registration as a Tier II offender under the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10-9799.41. The trial court

---

[2] The detective's last name is spelled "Balough" throughout the notes of testimony. We have corrected the spelling throughout this quotation based on the spelling as provided in the criminal complaint and affidavit of probable cause filed by Detective Balogh.

directed the Sexual Offenders Assessment Board (SOAB) to assess whether Appellant met the criteria for classification as a sexually violent predator (SVP). The court also ordered preparation of a presentence investigation report (PSI). The SOAB subsequently opined Appellant was not an SVP.

On May 5, 2023, the trial court sentenced Appellant to an aggregate 7 to 18 years in prison,[3] with credit for time served, followed by 4 years' probation. The court also notified Appellant of his 25-year sex offender registration and reporting requirements as a Tier II offender under SORNA.

Appellant filed a timely post-sentence motion seeking reconsideration of his sentence. The trial court denied Appellant's post-sentence motion on July 11, 2023. This timely appeal followed. Appellant and the trial court have complied with Pa.R.A.P. 1925.

We address Counsel's petition to withdraw before considering the issues raised in the *Anders* brief. *See Commonwealth v. Garang*, 9 A.3d 237, 240 (Pa. Super. 2010) ("When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on

---

[3] At Counts 1 to 50 (possession), the trial court imposed sentences of 12 to 24 months in prison, three Counts of which the court directed to run consecutive to one another. At Counts 51 to 100 (dissemination), the trial court imposed sentences of 12 to 36 months in prison, four of which the trial court directed to run consecutive to one another, and consecutive to the sentences at Counts 1, 2, and 3. The court ordered all remaining sentences to run concurrently.

the request to withdraw." (citation omitted)). Counsel seeking to withdraw from representation must

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Pursuant to *Santiago*, counsel must also

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* (citing *Santiago*, 978 A.2d at 361). Once counsel has complied with the procedural requirements, we review the record and render an independent judgment as to whether the appeal is wholly frivolous. *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Instantly, Counsel filed an *Anders* brief and a separate application to withdraw from representation. In his application, Counsel detailed the extent of his review of the record and concluded Appellant's appeal is frivolous. *See* Application to Withdraw, 1/14/24. Additionally, Counsel sent a letter to Appellant, informed him of his intention to withdraw, and advised Appellant of his right to retain new counsel or proceed *pro se* to raise additional claims.

The record reflects that Counsel furnished Appellant with copies of the application to withdraw and the *Anders* brief. The *Anders* brief summarizes the factual and procedural history of this appeal, identifies the sentencing issue Appellant wishes to raise, and explains Counsel's reasons for concluding that the appeal is wholly frivolous. As Counsel has satisfied the procedural requirements of *Anders* and *Santiago*, we review the record to determine whether Appellant's appeal is wholly frivolous.

Appellant challenges the discretionary aspects of his sentence,[4] from which there is no automatic right to appeal. *Commonwealth v. Mastromarino*, 2 A.3d 581, 585 (Pa. Super. 2010). Instead, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

---

[4] Because the parties did not bargain for a specific sentence when negotiating Appellant's guilty plea, Appellant is not precluded from challenging the discretionary aspects of his sentence on appeal. *See Commonwealth v. Heaster*, 171 A.3d 268, 271 (Pa. Super. 2017) (concluding that appellant could challenge the discretionary aspects of his sentence after entering a "hybrid" guilty plea, *i.e.*, a plea that negotiated a *particular aspect* of the sentence, but did not include a sentencing agreement).

- 5 -

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted).

Appellant filed a timely notice of appeal and preserved this claim in his post-sentence motion. The *Anders* brief also includes a separate Pa.R.A.P. 2119(f) statement. Additionally, Appellant's claim that the trial court imposed a manifestly excessive sentence, comprised of several consecutive sentences, without proper consideration of mitigating factors raises a substantial question. *See Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) (concluding that a challenge to the imposition of consecutive sentences as unduly excessive, together with a claim that the trial court failed to consider an appellant's rehabilitative needs, presents a substantial question). We therefore turn to the merits of Appellant's claim.

Appellant argues the trial court abused its discretion by imposing several consecutive sentences. *Anders* Brief at 9. Appellant claims the court failed to meaningfully consider mitigating factors such as his cooperation with police, remorse, and acceptance of responsibility. *Id.* at 9-10, 12-13. Appellant also emphasizes his voluntary participation in drug and alcohol treatment. *Id.* at 13.

The standard by which we review a challenge to the discretionary aspects of sentence is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather,

- 6 -

the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Salter*, 290 A.3d 741, 748 (Pa. Super. 2023) (citation omitted).

"In every case in which the court imposes a sentence for a felony … the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed."  42 Pa.C.S.A. § 9721(b); *see also Commonwealth v. Mouzon*, 812 A.2d 617, 620-21 (Pa. 2002) (plurality).  The Sentencing Code requires the trial court to

> follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b); *see also Commonwealth v. McClendon*, 589 A.2d 706, 712 (Pa. Super. 1991) (*en banc*) (stating "the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation."  (internal citations and quotation marks omitted)).  The trial court must also consider the sentencing guidelines.  *See id.*; *see also Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (stating that "[w]hen imposing a sentence, the [trial] court is required to consider the sentence ranges set forth in the Sentencing Guidelines….").  Moreover, "the imposition of consecutive rather than concurrent sentences lies within the

sound discretion of the sentencing court." ***Commonwealth v. Redmond***, 273 A.3d 1247, 1254 (Pa. Super. 2022) (citation and quotation marks omitted).

Instantly, the plea agreement specified the offenses carried an offense gravity score of 7. The parties agreed at sentencing that Appellant had a prior record score of 0. N.T., 5/5/23, at 6. The sentencing guidelines recommend a minimum sentence of 6-14 months in prison for each offense, plus or minus 6 months for aggravating or mitigating circumstances. 204 Pa. Code § 303.16(a). Each of Appellant's sentences included a 12-month minimum sentence. Because Appellant's individual sentences are within the standard range of the sentencing guidelines, we presume the sentence is reasonable, and we will vacate the sentence only if application of the guidelines is clearly unreasonable. ***See*** 42 Pa.C.S.A. § 9781(c)(2) (providing that an appellate court may vacate a sentence within the guidelines only if "the case involves circumstances where the application of the guidelines would be clearly unreasonable"); ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010) ("[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." (citation omitted)).

During the sentencing hearing, defense counsel presented a letter from a Luzerne County Correctional Facility drug and alcohol therapist, explaining Appellant had been voluntarily participating in treatment groups since the

start of his incarceration.  N.T., 5/5/23, at 4-5.  Appellant also stated that he was sorry for his actions.  ***Id.*** at 5.

Before imposing sentence, the trial court stated it had reviewed the PSI. ***Id.*** at 7.  The court explained its reasons for the sentence as follows:

> [T]here are 100 felony counts before the [c]ourt for sentencing. Obviously these are very disturbing offenses.  They are offenses that are victimizing to young children.  Obviously [they are] something for which [Appellant] must be held accountable.
>
> I do note [Appellant has] accepted responsibility by his plea. However, he's in need of obvious rehabilitation and supervision and a sentence that will give him a period of time to address any drug and alcohol, mental health and other needs that he has, which the [c]ourt feels can be served in a state correctional institution.
>
> I will impose sentences within the standard range of the applicable guidelines and fashion a sentence that will hold [Appellant] accountable.  I note [Appellant] has a limited criminal history.  He does have some priors on his record.
>
> However, this [c]ourt simply does not want to diminish the serious nature of these offenses by the sentences imposed and will hold [Appellant] accountable.

***Id.*** at 7-8.

On review, we conclude Appellant failed to establish circumstances that render the trial court's imposition of consecutive, standard-range sentences unreasonable.  The record confirms the trial court was aware of and considered all relevant sentencing factors in fashioning Appellant's sentence. Moreover, where, as here, the trial court has the benefit of a PSI, "we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating

- 9 -

statutory factors." **Moury**, 992 A.2d at 171. Based upon the foregoing, and because we otherwise discern no abuse of the trial court's sentencing discretion, Appellant is not entitled to relief on this claim.

We also agree with Counsel's conclusion that Appellant's appeal is frivolous, and our independent review discloses no non-frivolous issues Appellant could raise on appeal. Accordingly, we grant Counsel's application to withdraw and affirm Appellant's judgment of sentence.

Application to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/10/2024